UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:15-cr-436-T-23TGW
 8:18-cv-190-T-23TGW

HEIMAR GREGORIO
_____/

**O R D E R**

Gregorio moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for conspiracy to possess with intent to distribute cocaine while aboard a vessel, for which offense he was sentenced to 120 months. An earlier order (Doc. 2) directs Gregorio to show cause why his application under Section 2255 is not time-barred. The earlier order explains the requirements for showing entitlement both to equitable tolling of the limitation and to actual innocence. Also, the earlier order both (1) recognizes that Gregorio asserts entitlement to a review on the merits because he was allegedly unable to find someone to help him prepare his motion and (2) explains that, under controlling precedent, "limited access to legal research materials does not qualify for equitable tolling." (Doc. 2 at 3) In response (Doc. 4) to the order Gregorio again represents that his motion to vacate is untimely because he only recently found an inmate law clerk who would assist him in preparing his motion. Gregorio fails to show entitlement to equitable tolling.

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Gregorio must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." 544 U.S. at 419. To satisfy the second requirement, Gregorio must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). See cases collected in *Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and

typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

An "extraordinary circumstance" justifying equitable tolling is shown by neither ignorance of one's legal rights, *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007), nor an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), nor limited or restricted access to a prison law library. *Miller v. Florida*, 307 Fed. App'x 366, 367–68 (11th Cir. 2009)* ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). Gregorio's delay in finding an inmate law clerk to assist him fails to prove entitlement to equitable tolling, as *Cerrito v. Sec'y, Dep't of Corr.*, 693 Fed. App'x 790, 792 (11th Cir. 2017), explains:

> Neither Cerrito's alleged inability to understand English, *see United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005), to read beyond a second-grade level, *see Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005), or inaccessibility to an inmate law clerk who was bilingual, *see Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) (no federal constitutional right to counsel in collateral attack on a conviction), warranted equitable tolling.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Gregorio, close this case, and enter a copy of this order in the criminal action.

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

# DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Gregorio is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Gregorio must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Gregorio is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Gregorio must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 15, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE